**Frankel Syverson** pllc

FRANKEL SYVERSON PLLC
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016
602-598-4000
Ty D. Frankel (027179)
ty@frankelsyverson.com

9655 Granite Ridge Drive, Suite 200
San Diego, California 92123
602-598-4000
Patricia N. Syverson (020191)
patti@frankelsyverson.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Dawn Kovacs, on behalf of herself and all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AAA Cab Service, Inc., an Arizona corporation, MTM Transit, LLC dba MTM, a Missouri limited liability company,<br><br>Defendants. | Case No.<br><br>**COLLECTIVE ACTION AND CLASS ACTION COMPLAINT**<br><br>**[Jury Trial Demanded]** |

Plaintiff Dawn Kovacs ("Plaintiff"), on behalf of herself and all others similarly situated, brings this action against Defendants AAA Cab Service, Inc. and MTM Transit, LLC dba MTM (collectively "Defendant") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and Arizona wage laws, including Flagstaff Minimum Wage Ordinance 15-01 *et seq.*, A.R.S. § 23-350 *et seq.*, and A.R.S. § 23-363 *et seq.* (these statutes are collectively referred to as the "Arizona Wage Statute").

- 1 -

**NATURE OF THE ACTION**

1. Plaintiff alleges on behalf of herself and all other similarly situated non-exempt employees employed as Medical Transport Drivers by Defendant within the State of Arizona who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b), that they are entitled to unpaid wages, including unpaid overtime for all hours worked exceeding forty (40) hours in a workweek and unpaid minimum wage, liquidated damages, and attorneys' fees and costs, pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff further alleges, pursuant to Fed. R. Civ. P. 23, on behalf of herself and a class of similarly situated non-exempt employees employed as Medical Transport Drivers by Defendant within the State of Arizona, that they are entitled to the minimum wage and timely payment of all wages due, plus interest, treble damages, and penalties as allowed by the Flagstaff Wage Ordinance 15-01 *et seq.*, A.R.S. § 23-350 *et seq*. and A.R.S. § 23-362 *et seq*.

**JURISDICTION AND VENUE**

3. The FLSA authorizes civil actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction over Plaintiff's Arizona Wage Statute claims pursuant to 28 U.S.C. § 1367 because they arise from the same case and controversy as the FLSA claim. The claims derive from a common nucleus of operative fact; the Arizona Wage Statute claims will not substantially dominate over the FLSA claim; and exercising supplemental jurisdiction would be in the interests of judicial economy, convenience, fairness, and comity.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because substantial decisions and events giving rise to the claims occurred in the State of Arizona within this District.

6. The United States District Court for the District of Arizona has personal jurisdiction because Defendant conducts business within this District and the actions giving

rise to this Complaint occurred in this District.

7. At all relevant times, Defendant has been an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA.

8. Plaintiff and the other similarly situated hourly employees employed by Defendant as Medical Transport Drivers are "employees" as defined in 29 U.S.C. § 203(e)(1), A.R.S. § 23-350(2), A.R.S. § 23-362(A), and Flagstaff Minimum Wage Ordinance 15-01-02 (D), and are non-exempt employees and/or employees entitled to unpaid wages, overtime, and the minimum wage under 29 U.S.C. § 213(a)(1), A.R.S. § 23-350, A.R.S. § 23-362, and Flagstaff Minimum Wage Ordinance 15-01-02.

9. At all relevant times, Defendant was an employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-350(3), A.R.S. § 23-362(B), and Flagstaff Minimum Wage Ordinance 15-01-001-002(E).

10. At all relevant times, Defendant employed Medical Transport Drivers as non-exempt employees paid by Defendant on an hourly basis in Arizona, including Plaintiff Dawn Kovacs.

11. At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## PARTIES

12. Defendant AAA Cab Service, Inc. is an Arizona corporation that does business as a transportation company in Arizona.

13. Defendant MTM Transit, LLC dba MTM is a Missouri limited liability company that does business as a transportation company in Arizona.

14. Defendants AAA Cab Service, Inc. and MTM Transit, LLC dba MTM jointly employ Plaintiff and similarly situated Medical Transport Drivers to provide medical transportation services for customers in Arizona, and from within this District they set the Medical Transport Drivers' compensation and employment policies, pay their

1  compensation, and control the day-to-day operations of the medical transportation business
2  and employment of Medical Transport Drivers in Arizona including Plaintiff.

3  15. Plaintiff Dawn Kovacs was, at all relevant times, an individual residing in
4  Coconino County and is employed as a Medical Trasport Driver for Defendant in Flagstaff,
5  Arizona.

6  16. At all relevant times, Plaintiff Kovacs was employed by Defendant as a
7  Medical Transport Driver, which is a non-exempt position that most recently paid an hourly
8  rate of $18.40 per hour.

9  17. Plaintiff Kovacs' Consent to Become a Party Plaintiff and Opt-In to Lawsuit
10 pursuant to 29 U.S.C. § 216(b) is attached hereto as **Exhibit A**, opting her into this action
11 to pursue unpaid overtime and minimum wage under the FLSA.

## COLLECTIVE ACTION ALLEGATIONS

13 18. Plaintiff Kovacs brings Counts I and II, the FLSA unpaid overtime claim and
14 FLSA unpaid minimum wage claim, pursuant to 29 U.S.C. § 216(b) on behalf of herself
15 and the following similarly situated employees of Defendant:

16 All hourly employees of Defendant who worked as Medical Transport
17 Drivers in Arizona during the last three years, regardless of actual title ("Off-
18 the-Clock Collective Action Members").

19 19. Plaintiff, on behalf of herself and all other similarly situated hourly, non-
20 exempt employees who worked as Medical Transport Drivers for Defendant in Arizona
21 during the last three years, seeks relief on a collective basis challenging Defendant's
22 practice of failing to pay its employees overtime and the minimum wage for all hours
23 worked.  The number and identity of other plaintiffs yet to opt-in and consent to be party
24 plaintiffs to the collective action may be determined from Defendant's records and
25 potential Collective Action Members may easily and quickly be notified of the pendency
26 of this action.

27 20. Plaintiff is similarly situated to the Off-the-Clock Collective Action
28 Members because they all are subject to similar payroll policies and procedures.  Defendant

1  requires the similarly situated Off-the-Clock Collective Action Members to work overtime
2  but fails to pay them the overtime rate of one and one half their regular hourly rate of pay
3  for all hours worked over forty in a workweek, including hours they are required to work
4  off the clock.  Defendant also requires the similarly situated Off-the-Clock Collective
5  Action members to work hours for which they are not paid, causing their wages to fall
6  below the minimum wage required by law.  The Off-the-Clock Collective Action Members
7  are also similarly situated because they all utilize Defendant's time recording and reporting
8  practices and are subject to similar pay practices and job duties.

9         21.    Defendant's overtime and minimum wage practices were routine and
10 consistent.  Throughout the relevant time period over the past three years, the Off-the-
11 Clock Collective Action Members regularly were not paid the proper overtime and
12 minimum wage.

13        22.    Plaintiff and the Off-the-Clock Collective Action Members performed the
14 same or similar job duties as Medical Transport Drivers.  Moreover, they regularly worked
15 more than forty hours in a workweek and were required to work off the clock without
16 receiving proper overtime wages.  The requisite off the clock work they performed also
17 resulted in their wages routinely falling below the minimum wage.  Accordingly, the
18 employees victimized by Defendant's unlawful pattern and practices are similarly situated
19 to Plaintiff in terms of employment and pay provisions.

20        23.    Defendant's failure to pay overtime and minimum wage compensation at the
21 rates required by the FLSA result from generally applicable policies or practices and do
22 not depend on the personal circumstances of the members of the collective action.  Thus,
23 Plaintiff's experience is typical of the experience of the other non-exempt hourly
24 employees employed by Defendant as Medical Transport Drivers.

25        24.    The Off-the-Clock Collective Action Members, including Plaintiff,
26 regardless of their precise job requirements or rates of pay, are entitled to overtime
27 compensation for hours worked in excess of forty per workweek and the minimum wage.
28 Although the issue of damages may be individual in character, there is no detraction from

the common nucleus of facts pertaining to liability.

25. Plaintiff will fairly and adequately protect the interests of the Off-the-Clock Collective Action Members and has retained counsel experienced and competent in the practice of wage and hour law and class and collective action litigation. Plaintiff has no interest that is contrary to or in conflict with the putative members of this collective action.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings Counts III, IV and V, the Arizona Wage Statute claims, pursuant to Federal Rules of Civil Procedure Rule 23(a), (b)(2) and (b)(3) on behalf of herself and the following persons:

> All hourly employees who worked as Medical Transport Drivers for Defendant in Arizona during the last three years, regardless of actual title ("Arizona Class Members").

27. Plaintiff's Rule 23 class claims satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

28. Plaintiff's Rule 23 state law class claims satisfy the numerosity requirement of a class action. The Arizona Class Members identified above are so numerous that joinder of all members is impracticable. Although the precise number of potential class members is unknown, and the facts for calculating that number are presently within the sole control of Defendant, upon information and belief, there are more than forty Arizona Class Members.

29. Questions of law and fact common to the Arizona Class Members predominate over questions that may affect only individual members because Defendant has acted on grounds generally applicable to all Arizona Class Members. Among the questions of law and fact common to Plaintiff and the Arizona Class Members are:

    a. whether Defendant employed the Arizona Class Members within the meaning of the Arizona Wage Statute claims;

    b. whether Defendant owes the Arizona Class Members wages in

exchange for work performed;

c. whether Defendant owes the Arizona Class Members the minimum wage; and

d. whether Defendant is liable for damages under the Arizona Wage Statute claims, including but not limited to compensatory damages, statutory damages, interest, and treble damages.

30. Plaintiff's claims under the Arizona Wage Statute claims are typical of those of the Arizona Class Members because they have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful payroll practices as Plaintiff.

31. The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

32. A class action is appropriate for the fair and efficient adjudication of this controversy. Defendant acted or refused to act on grounds generally applicable to the entire class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and substantially impair or impede the ability of the class members to protect their interests. The damages suffered by individual class members may be relatively small, and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

33. Plaintiff will fairly and adequately represent the interests of the Arizona Class Members and has retained counsel experienced and competent in wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this class action.

**STATEMENT OF FACTS**

34. The Off the Clock Collective Action Members and Arizona Class Members

are collectively referred to as Medical Transport Drivers.

35. Defendant is an "employer" within the meaning of the FLSA and the Arizona Wage Statute claims.

36. Defendant provides medical transportation to customers throughout Arizona.

37. Defendant hires Medical Transport Drivers to provide medical transportation for its customers throughout Arizona.

38. Plaintiff began working for Defendant as a non-exempt Medical Transport Driver paid on an hourly basis on August 12, 2022 and continues in that role through the present time.

39. Plaintiff is employed as a non-exempt, hourly employee working as a Medical Transport Driver.

40. At all relevant times, Plaintiff has been paid an hourly rate for her work as a Medical Transport Driver. Plaintiff's current hourly rate is $18.40 per hour, but since the inception of her employment with Defendant, her hourly rate has ranged from $15.50 per hour to the present $18.40 per hour.

41. The Medical Transport Drivers are subject to uniform compensation policies and practices regarding their compensation. These policies and practices are dictated by Defendant through corporate policies communicated to the Medical Transport Drivers.

42. While Plaintiff's job duties frequently required her to work in excess of forty hours per workweek, she is routinely denied the overtime rate of time and a half for all the overtime she works.

43. Defendant routinely fails to pay Plaintiff for all the hours she works, resulting in unpaid straight time, unpaid overtime, and unpaid minimum wage.

44. Defendant has a policy and practice of requiring Medical Transport Drivers like Plaintiff to work off the clock.

45. Defendant pays its Medical Transport Drivers like Plaintiff an hourly rate based on the time they are driving.

46. When a Medical Transport Driver like Plaintiff works for nine hours on a

given workday, Defendant has a uniform policy of requiring Medical Transport Drivers like Plaintiff to deduct one hour for a break regardless of whether the Medical Transport Driver actually worked during that time.

47. When a Medical Transport Driver like Plaintiff works for twelve hours on a given workday, Defendant has a uniform policy of requiring Medical Transport Drivers to deduct an additional half hour off the Medical Transport Drivers' time regardless of whether they actually worked during this time.

48. For example, if Plaintiff works for nine hours, she is only paid for eight hours even though she worked for nine hours.

49. If Plaintiff works for twelve hours, she is only paid for ten and a half hours regardless of whether she worked that entire time.

50. As a result of these mandatory deductions for breaks, Plaintiff and the Medical Transport Drivers are routinely required to work off the clock without compensation, because they are routinely required to work during the unpaid one hour breaks that must be deducted from their time worked pursuant to Defendant's policy.

51. For example, Plaintiff's weekly time sheets from March 3, 2024 to March 16, 2024 show that she worked 151 hours during those two weeks. However, pursuant to Defendant's policy, Plaintiff was required to reduce the hours she submitted by 12 hours, even though she was working during that time. In addition, even based on the incorrect time records showing that Plaintiff worked 151 hours during that period, Plaintiff was not paid for the time in the records because she was only paid a total of 147.25 hours, which is less than what is reflected in Defendant's time records.

52. Plaintiff was similarly not paid for time she was required to work from March 17, 2024 to March 30, 2024. Plaintiff's weekly time sheets for this period show that she worked 137 hours during that time. However, pursuant to Defendant's policy, Plaintiff was required to reduce the hours she submitted by 12 hours, even though she was working during that time. In addition, even based on the incorrect time records showing that she worked 137 hours during that period, Plaintiff was not paid for all the hours submitted.

1  Plaintiff was only paid 133.75 hours, which is less than what is reflected in the time records.

2      53.    These are just two examples of the systematic off the clock work that caused
3  Plaintiff to have to work time for which she was not paid throughout her employment with
4  Defendant.

5      54.    This policy of reducing hours for breaks that Plaintiff and the Medical
6  Transport Drivers must actually work through routinely results in unpaid regular wages,
7  overtime, and minimum wage.

8      55.    Defendant's Medical Transport Drivers are typically paid an hourly rate at
9  the minimum wage set for the jurisdiction where they work, which is usually the minimum
10 wage set pursuant to Arizona law. Regardless of the location, the FLSA and applicable
11 Arizona and municipal law require that employees be paid the highest minimum wage
12 applicable to them.

13     56.    Plaintiff was employed in Flagstaff, Arizona and subject to the minimum
14 wage applicable there, which was $15.50 in 2022, $16.80 in 2023, and $17.40 in 2024.

15     57.    The minimum wage under Arizona law was $12.80 in 2022, $13.85 is 2023,
16 and $14.35 in 2024.

17     58.    Workers can enforce the higher minimum wage applicable to them.

18     59.    When calculating the minimum wage rate utilizing the actual hours the
19 Medical Transport Drivers are required to work, Defendant had a systematic practice of
20 failing to pay them the minimum wage.

21     60.    For example, for the pay period from January 7, 2024 through January 20,
22 2024, Plaintiff was paid $1,265.00 for 68.75 hours. However, during that period, Plaintiff
23 actually worked 8.15 hours more than what she was paid for. When accounting for the
24 actual hours she worked in the amount of 76.9 hours, Plaintiff earned $16.44 per hour,
25 which is less than the minimum wage required as an employee in Flagstaff, Arizona.

26     61.    Medical Transport Drivers like Plaintiff are also required to be on call
27 without compensation. They are significantly restricted during this on call time such that
28 the calls are so frequent that they have to respond to that they should be compensated for

1 this time. However, they are only compensated for the time they are actually transporting
2 a passenger, not the time they are required to remain on call.

3    62.    Plaintiff and the Medical Transport Drivers also have to review their manifest
4 the night before their shifts, to ensure they are ready for the next day of work. The time
5 Plaintiff and the Medical Transport Drivers spend reviewing the manifest as part of their
6 work duties can routinely take up to twenty minutes and they are not paid for this time.

7    63.    This regular practice of requiring Medical Transport Drivers like Plaintiff to
8 work off the clock results in them not being paid for all the time they worked, including
9 minimum wage, straight time for hours worked off the clock up to forty in a given
10 workweek, and overtime for hours worked over forty in a given workweek.

11    64.    Plaintiff worked approximately 80 hours per week during the typical week,
12 but as a result of the policies that result in off the clock work, she is routinely denied
13 overtime for hours that she worked.

14    65.    Defendant engaged in the regular practice of failing to accurately record the
15 time during which it suffered or permitted Plaintiff to work. As such, Defendant's payroll
16 records understate the duration of time that it suffered and permitted Plaintiff to work
17 during each week of her employment.

18    66.    When counting the numerous hours per week that Plaintiff and the Medical
19 Transport Drivers are required to work off the clock, their hourly wage routinely falls
20 below the minimum wage and results in unpaid regular wages and overtime.

21    67.    Defendant's failure to pay wages is likely a result of its failure to maintain
22 accurate records of its Medical Transport Drivers' time and payroll in violation of the
23 FLSA, including records sufficient to accurately determine the wages and hours of
24 employment for Plaintiff and the similarly situated Medical Transport Drivers. Defendant
25 fails to account for time that Plaintiff is actually required to perform work for the company,
26 resulting in underpayment of wages and inaccurate timekeeping records.

27    68.    The examples of Plaintiff's hours worked off the clock resulting in unpaid
28 overtime, minimum wage, and straight time are indicative of Defendant's pattern and

practice of denying Plaintiff and the similarly situated Medical Transport Drivers wages they are statutorily entitled to.

69. Defendant's policy and practice is to willfully deny its hourly, non-exempt employees employed as Medical Transport Drivers overtime pay for hours worked beyond forty in a workweek and minimum wage due.

70. Defendant also failed to timely pay Plaintiff and the similarly situated employees all the wages they were due. This is evident from Plaintiff's experiences and conversations with other Medical Transport Drivers who were subject to the same unlawful pay practices that she was.

71. Defendant's wage violations uniformly applied to the Medical Transport Drivers throughout Arizona.

72. Defendant knew that it was required to timely pay Medical Transport Drivers for all the time they work, including regular wages and overtime.

73. However, Defendant failed to account for all the time Plaintiff and the Medical Transport Drivers work when paying them their compensation that they are due.

74. As such, Defendant failed to pay Plaintiff and the Medical Transport Drivers overtime and minimum wage they are due and failed to timely pay them their wages due as required by Arizona law.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**(Failure to Properly Pay Overtime and Record Keeping Violations - FLSA - 29 U.S.C. § 207 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Off-the-Clock Collective Action Members)**

75. Plaintiff, on behalf of herself individually and all Off-the-Clock Collective Action Members, reasserts the allegations set forth in the above paragraphs.

76. Defendant paid Plaintiff and the Off-the-Clock Collective Action Members on an hourly basis, and they are and were all entitled to the overtime protections of the FLSA as set forth in 29 U.S.C. § 201, *et seq*.

77. At all relevant times, Defendant has been, and continues to be, subject to the

minimum wage and overtime provisions of the FLSA because its employees are engaged in interstate commerce and Defendant has annual revenues in excess of $500,000.

78. Plaintiff and the Off-the-Clock Collective Action Members are non-exempt employees entitled to the statutorily mandated overtime pay according to the FLSA.

79. Defendant was an employer pursuant to 29 U.S.C. § 203(d).

80. Defendant failed to comply with 29 U.S.C. § 207 because Plaintiff and the Off-the-Clock Collective Action Members worked for Defendant in excess of forty hours per week, but Defendant failed to pay them for those excess hours at the statutorily required rate of one and one-half times their regular rate of pay as required by the FLSA.

81. The work was performed at Defendant's direction and/or with Defendant's knowledge.

82. Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Off-the-Clock Collective Action Members all wages due including time and a half for hours accrued beyond forty (40) hours in a workweek.

83. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

84. As a result of the willful violations of the FLSA's overtime pay provisions, Defendant has unlawfully withheld overtime wages from Plaintiff and the Off-the-Clock Collective Action Members. Accordingly, Defendant is liable to Plaintiff and the Off-the-Clock Collective Action Members for unpaid wages including overtime compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

    a. Certify the claim set forth in Count I above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated hourly employees, regardless of actual title, who worked for Defendant as Medical Transport Drivers in Arizona during the last three years, informing them of their right to file consents

to join the FLSA portion of this action;

b. Designate Plaintiff Kovacs as the Representative Plaintiff of the Off-the-Clock Collective Action and undersigned counsel as the attorneys representing the Off-the- Clock Collective Action Members;

c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest;

e. Award Plaintiff and all similarly situated employees attorneys' fees and costs as required by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Off-the-Clock Collective Action Members of Defendant's alleged wage and hour violations; and

f. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
**(Failure to Properly Pay Minimum Wage and Record Keeping Violations - FLSA - 29 U.S.C. § 206 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Off-the-Clock Collective Action Members)**

85. Plaintiff, on behalf of herself and all Off-the-Clock Collective Action Members, reasserts the allegations set forth in the above paragraphs.

86. Defendant paid Plaintiff and the Off-the-Clock Collective Action Members on an hourly basis, and they are and were all entitled to the minimum wage protections of the FLSA as set forth in 29 U.S.C. § 201, *et seq*.

87. At all relevant times, Defendant has been, and continues to be, subject to the minimum wage and overtime provisions of the FLSA because its employees are engaged in interstate commerce and Defendant has annual revenues in excess of $500,000.

88. Plaintiff and the Off-the-Clock Collective Action Members are non-exempt employees entitled to the minimum wage according to the FLSA.

89. Defendant was an employer pursuant to 29 U.S.C. § 203(d).

90. Defendant failed to comply with 29 U.S.C. § 206 because Defendant failed to pay the Off-the-Clock Collective Action Members the minimum wage as required by the FLSA.

91. The work was performed at Defendant's direction and/or with Defendant's knowledge.

92. Defendant willfully violated the FLSA by failing to pay Plaintiff and the other Off-the-Clock Collective Action Members the minimum wage due.

93. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions complied with the FLSA.

94. As a result of the willful violations of the FLSA's minimum wage pay provisions, Defendant has unlawfully withheld the minimum wage from Plaintiff and the Off-the-Clock Collective Action Members. Accordingly, Defendant is liable to Plaintiff and the Off-the-Clock Collective Action Members for unpaid wages including minimum wage compensation, an additional equal amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant, and pray this Court:

    a. Certify the claim set forth in Count II above as a collective action pursuant to Section 216(b) of the FLSA and issue notice to all similarly-situated hourly employees, regardless of actual title, who worked for Defendant as Medical Transport Drivers in Arizona during the last three years, informing them of their right to file consents to join the FLSA portion of this action;

    b. Designate Plaintiff Kovacs as the Representative Plaintiff of the Off-the-Clock Collective Action and undersigned counsel as the attorneys representing the Off-the- Clock Collective Action Members;

    c. Award Plaintiff and all similarly situated employees compensatory and liquidated damages under 29 U.S.C. § 216(b);

d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest;

e. Award Plaintiff and all similarly situated employees attorneys' fees and costs as required by Section 216(b) of the FLSA, including that Defendant is financially responsible for notifying the Off-the-Clock Collective Action Members of Defendant's alleged wage and hour violations; and

95. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

## COUNT III
## FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE
**(Failure to Pay Minimum Wage, A.R.S. § 23-362 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class Members)**

96. Plaintiff, on behalf of herself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

97. At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

98. Plaintiff and the similarly situated employees were entitled to the minimum wage as required by A.R.S. § 23-363 and § 23-364.

99. Defendant was an employer pursuant to A.R.S. § 23-362(B).

100. Defendant is aware that, under A.R.S. § 23-363 and § 23-364, it was obligated to pay minimum wage due to Plaintiff and the Arizona Class Members.

101. Defendant failed to pay Plaintiff and the Arizona Class Members minimum wage due without a good faith basis for withholding wages.

102. Defendant has willfully failed and refused to pay minimum wage due to Plaintiff and the Arizona Class Members. As a result of Defendant's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-364.

103. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

    a. Certify the state law claim set forth in Count III above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b. Designate Plaintiff Kovacs as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

    c. Award Plaintiff and all similarly situated employees compensatory damages and statutory damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-364;

    d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest; and

    e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**COUNT IV**
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE ARIZONA WAGE STATUTE**
**(A.R.S. § 23-350 *et seq.*; Failure to Timely Pay Wages Due; Brought Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class Members)**

104. Plaintiff, on behalf of herself and the Arizona Class Members, reasserts the allegations set forth in the above paragraphs.

105. At all material times hereto, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Arizona Wage Statute.

106. Defendant was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

107. Defendant is aware that, under A.R.S. §§ 23-350-353, it was obligated to

timely pay all wages due to Plaintiff and the Arizona Class Members.

108. Defendant failed to timely pay Plaintiff and the Arizona Class Members wages due without a good faith basis for withholding wages.

109. Defendant has willfully failed and refused to timely pay wages due to Plaintiff and the Arizona Class Members. As a result of Defendant's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

110. The state law claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

    a. Certify the state law claim set forth in Count IV above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b. Designate Plaintiff Kovacs as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class Members;

    c. Award Plaintiff and all similarly situated employees compensatory damages and treble damages, plus costs and attorneys' fees, and all available remedies pursuant to A.R.S. § 23-350 *et seq.*;

    d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest; and

    e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

**COUNT V**
**FED.R.CIV.P. 23 CLASS ACTION FOR VIOLATION OF THE FLAGSTAFF MINIMUM WAGE ORDINANCE**
**(Failure to Pay Minimum Wage, Flagstaff Minimum Wage Ordinance, 15-01 *et seq.*; Brought Against Defendant by Plaintiff Individually and on Behalf of the Arizona Class Members)**

111. Plaintiff, on behalf of herself and the Arizona Class Members, reasserts the

- 18 -

allegations set forth in the above paragraphs.

112.  At all material times, Plaintiff and the Arizona Class Members were employed by Defendant within the State of Arizona and have been entitled to the rights, protections, and benefits provided under the Flagstaff Minimum Wage Ordinance, 15-01 *et seq*.

113.  Plaintiff and the similarly situated employees were entitled to the minimum wage as defined by the Flagstaff Minimum Wage Ordinance, 15-001-0003(A).

114.  Defendant was an employer pursuant to Flagstaff Minimum Wage Ordinance, 15-001-0002(E).

115.  Defendant is aware that under the Flagstaff Minimum Wage Ordinance it was obligated to pay minimum wage due to Plaintiff and the Arizona Class Members who worked in Flagstaff, Arizona.

116.  Defendant failed to pay Plaintiff and the Arizona Class Members minimum wage due under the Flagstaff Minimum Wage Ordinance without a good faith basis for withholding wages.

117.  Defendant has willfully failed and refused to pay minimum wage due to Plaintiff and the Arizona Class Members who work in Flagstaff, Arizona pursuant to the Flagstaff Minimum Wage Ordinance.  As a result of Defendant's unlawful acts, Plaintiff and the Arizona Class Members are entitled to the statutory remedies provided pursuant to Flagstaff Minimum Wage Ordinance, 15-01-001-0007.

118.  The claim, if certified for class-wide treatment, may be pursued by all similarly situated persons who do not opt out of the Class.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray this Court:

    a.  Certify Count V above as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    b.  Designate Plaintiff Kovacs as the Class Representative of the Arizona Class Members and undersigned counsel as the attorneys representing the Arizona Class

1 Members;

2     c. Award Plaintiff and all similarly situated employees compensatory damages and statutory damages, plus costs and attorneys' fees, and all available remedies pursuant to the Flagstaff Minimum Wage Ordinance;

    d. Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest; and

    e. Award Plaintiff and all similarly situated employees such other relief as this Court deems fair and equitable, including injunctive relief.

## DEMAND FOR JURY TRIAL

119. Plaintiff hereby demands a jury trial on all claims for which she may have the right to a jury.

DATED this 9th day of July 2024.

**FRANKEL SYVERSON PLLC**
By   *s/Ty D. Frankel*
Ty D. Frankel
2375 E. Camelback Road, Suite 600
Phoenix, Arizona 85016

**FRANKEL SYVERSON PLLC**
Patricia N. Syverson
9655 Granite Ridge Drive, Suite 200
San Diego, California 92123

*Attorneys for Plaintiff*